## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY R. VILLEME, | ) |
| Petitioner, | ) ) ) |
| v. | )   No. 1:22-CV-73-HEA ) |
| BILL STANGE, | ) ) |
| Respondent. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of two motions filed by self-represented petitioner Anthony R. Villeme. In the first motion, Petitioner requests leave to proceed *in forma pauperis* in this action. (ECF No. 10). The Court has considered the motion and the financial information provided therein, and concludes that petitioner is unable to pay the filing fee. The Court will therefore grant the motion.

In the second motion, petitioner seeks the appointment of counsel. (ECF No. 2). The motion will be denied, without prejudice. There is no constitutional right to appointed counsel in a habeas action. *See* 28 U.S.C. § 2254(h) (stating that a court may appoint counsel for a financially eligible petitioner); *see also Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (noting that habeas proceedings are civil proceedings in which the Sixth Amendment right to counsel is inapplicable, and that it has never "been held that there is a constitutional right to counsel in a habeas action."). Instead, a court may appoint counsel to represent a financially eligible habeas petitioner if the court determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See* 28 U.S.C. § 2254(h). If the district court conducts an evidentiary hearing, the interests of justice require the appointment of counsel. *Hoggard,* 29 F.3d at 471; *see*

Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. Otherwise, the appointment of counsel is discretionary. *Hoggard,* 29 F.3d at 471 (citation omitted). In exercising such discretion, district courts should consider the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors. *Id.*

Based upon the record before the Court, it is not apparent that the appointment of counsel is warranted at this time. This case appears legally and factually straightforward, petitioner has so far demonstrated his ability to present his claims and arguments to the Court, and there is no clear indication that petitioner's claims involve information that is not readily available to him. However, recognizing that circumstances may change, the Court will deny the motion for the appointment of counsel without prejudice, and will entertain future such motions, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel (ECF No. 2) is **DENIED** without prejudice.

Dated this 20th day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE