UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY R. VILLEME, ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | Case No:  1:22CV73 HEA |
| ) | |
| BILL STANGE, ) | |
| ) | |
|     Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] filed on June 3, 2022. Respondent has filed a Response to the Court's Order to Show Cause Why Relief Should Not be Granted. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted. For the reasons set forth below, the Response is well taken, and the Petition will be denied.

### Factual Background

Petitioner was found guilty of elder abuse in the first degree and was sentenced to ten years in prison. Petitioner appealed his conviction and sentence to the Missouri Court of Appeals. The Missouri Court of Appeals affirmed the conviction and sentence. Petitioner also filed a post-conviction Rule 29.15 Motion.

The Motion Court denied the motion. The Missouri Court of Appeals affirmed the ruling of the motion court.

In affirming Villeme's conviction and sentence, the Missouri Court of Appeals summarized the relevant facts:

> The facts of the case arose from an ongoing dispute between Villeme and his seventy-four year-old neighbor ("Victim"). On the day of the incident, Villeme's children were harassing Victim's wife while she rode her bicycle. While Victim's wife went to the police department to report the harassment, Victim approached Villeme's house and chastised Villeme's children. Villeme and Victim argued. The altercation culminated in Villeme twice punching Victim in the face, knocking Victim to the ground. Victim was taken to the hospital. The police then arrested Villeme.
>
> The State charged Villeme with elder abuse in the first degree, and the case proceeded to a jury trial. At the close of the State's evidence, Villeme moved for acquittal. Villeme requested to orally argue the motion, and the trial court permitted him to do so. Villeme maintained that the State did not meet its evidentiary burden to prove he attempted to cause Victim serious physical injury. The trial court denied the motion. At the close of all evidence, Villeme again moved for acquittal. Villeme's written motion asserted generally that the evidence was insufficient to sustain a conviction on the charged offense. The trial court acknowledged the motion, and Villeme did not affirmatively request to argue the motion orally. The trial court denied the motion. Villeme did not object.
>
> At the jury instruction conference, Villeme proposed an instruction on consent as a defense. The trial court rejected the instruction, acknowledging that it had reviewed the consent issue and was disinclined to give the instruction. The trial court proceeded to instruct the jury on elder abuse in the first degree, as well as the lesser-included offenses of second-degree and third-degree assault.

2

> The jury convicted Villeme of elder abuse in the first degree. The sentencing court sentenced Villeme to ten years in prison.

Petitioner now raises five grounds for relief: (1) that his trial counsel provided ineffective assistance in failing to "investigate the distance involved in the incident" that Petitioner argues "would have led to information that impeached [James Church's] version of events"; (2) that his trial counsel provided ineffective assistance in failing to impeach Church with Church's statement to police officers; (3) that the prosecuting attorney engaged in misconduct by allowing witnesses to present testimony that he knew or should have known was "untruthful" and by withholding information regarding "the distance" during Petitioner's post-conviction proceeding; (4) that his trial counsel provided ineffective assistance by allowing his character to be "smeared with untrue testimony"; and (5) that his appellate counsel provided ineffective assistance by failing "to get the mis-trial transcript."

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

3

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal

4

law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct, and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Statute of Limitations**

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus.  That window opens at the conclusion of direct review.  The window closes a year later.  Failure to file within that one-year

5

window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). If an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rule 30.01, Rule 30.03, Rule 81.04, and Rule 81.08, the time limit for filing a notice of appeal is ten days after sentencing.

## Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. See *Strickland v. Washington*, 466 U.S. 668, 688 (1984). With respect to the first *Strickland* prong, there is a strong presumption that counsel's conduct fell within the wide range of professionally reasonable assistance. *Id*. at 689. Thus, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. 12, 22-23 (2013) (quotation marks and citation omitted); see also Strickland, 466 U.S. at 689 (noting that a petitioner must show that the challenged action was not part of a sound trial strategy); *Abernathy v. Hobbs*, 748 F.3d 813,

816 (8th Cir. 2014) (explaining that reviewing courts must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions") (citation omitted)).

To establish "prejudice," the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." *Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted). Although *Strickland* requires a showing of both deficient performance and prejudice, a "finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective – [courts] need not make a determination regarding deficiency." *Holder v. United States*, 721 F.3d 979, 987 (8th Cir. 2013).

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)).

> First, under *Strickland*, the state court must take a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. *Strickland*, 466 U.S. 696. ... To satisfy *Strickland*, the likelihood of a different result must be "substantial, not just conceivable." *Id*. Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining

7

question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is incorrect. [*Harrington v. Richter*, 562 U.S. 86, 112, 101 (2011)]. This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at [102.]

*Williams*, 695 F.3d at 831-32. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105.

In this context, a state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. *Odem v. Hopkins*, 382 F.3d 846, 849 (8th Cir. 2004).

**Procedural Default**

To preserve a claim for federal habeas review, a state prisoner "must present that claim to the state court and allow that court an opportunity to address [his or her] claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39

8

(1992)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, "[t]he habeas petitioner must show 'not merely that the errors at...trial created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

## Discussion

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**Ground One**

In Ground One, Petitioner claims counsel was ineffective because he failed to investigate the distance involved in the incident that would have led to information that impeached Church's version of the events. Although Petitioner

9

brought this claim in the Missouri Court of Appeals, he did not raise the specific claim of ineffective assistance of counsel in the motion court.

> [Petitioner] first argues that the motion court clearly erred in denying his amended Rule 29.15 motion because he received ineffective assistance of counsel in that counsel failed to investigate the distances involved in the altercation that led to the charges, thus prejudicing [Petitioner] because an investigation of the distances would have led to information that impeached Victim's version of events and supported [Petitioner]'s defense. The State contends that this point is improper because [Petitioner] only argued that trial counsel failed to introduce evidence correcting the distances.
>
> The State is correct, [Petitioner]'s amended motion only argued that trial counsel was ineffective for failing to introduce evidence correcting the distances, not that trial counsel failed to investigate them. "In actions under Rule 29.15, any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal." *Shockley*, 579 S.W.3d at 899 (quoting *Johnson v. State*, 333 S.W.3d 459, 471 (Mo. banc 2011)). A movant cannot remedy a pleading defect by refining the claim on appeal. *Id*. The motion court was not granted an opportunity to review a claim for failure to investigate the distances; therefore, the claim has been waived. *Id*.
>
> Point I is dismissed.

Because Petitioner did not afford the state court, at each stage of his proceedings, the opportunity to address his specific claim, his claim is procedurally barred in this court.

**Grounds Two and Four**

Petitioner failed to raise grounds two and four in accordance with Missouri's rules of appellate presentment.  As Respondent correctly argues, the Missouri Court of Appeals stated:

10

> [Petitioner] has violated Rule 84.04(e) by failing to "include a concise statement describing whether the error was preserved for appellate review." "It is not this court's duty to supplement a deficient brief with its own research, to comb the record in search of facts to support an appellant's claim of error, or demonstrate it is properly preserved for appellate review." *Porter v. Santander Consumer USA, Inc.*, 590 S.W.3d 356, 358 (Mo. App. E.D. 2019), transfer denied (Dec. 24, 2019). Failure to substantially comply with Rule 84.04 preserves nothing for review and is grounds to dismiss an appeal; however, we gratuitously review this appeal because we prefer to decide cases on the merits when the Rule 84.04 violations do not hamper or impede our ability to review the case. *Bennett v. Taylor*, 615 S.W.3d 96, 98 (Mo. App. E.D. 2020).

Petitioner's grounds two and four are therefore procedurally barred in this Court.

**Grounds Three and Five**

Petitioner failed to raise grounds three and five on direct appeal or post-conviction proceedings. These grounds are therefore also procedurally barred.

Unpreserved claims cannot serve as a basis for reversing the judgment of conviction. A claim must be presented at each step of the judicial process in state court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). In order for this Court to consider these claims as not procedurally defaulted, Petitioner is required to demonstrate good cause and actual prejudice. *Murray,* 477 U.S. at 478. Petitioner fails to demonstrate cause for his procedural default, and he cannot establish any prejudice for the failure from the alleged unconstitutional errors. Nor has he shown that a fundamental miscarriage of justice would occur if the Court does not review the merits of the claim. Petitioner has not presented any new evidence of actual innocence or shown that a constitutional

11

violation has probably resulted in the conviction of one who is actually innocent. *Abdi*, 450 F.3d at 338. Consequently, the claims raised are procedurally defaulted.

## Conclusion

For the foregoing reasons, the Court concludes that the grounds in Petitioner's Petition for Writ of Habeas Corpus are procedurally barred

## Certificate of Appealability

The Court finds dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). If the Petitioner desires further review of his motion, he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

    Dated this 15th  day of May, 2023.

                                          _____
                                            HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE